IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LARRY WILLIAMS ,                          }
TDCJ-CID NO. 6483292,                      }
     Petitioner,                          }
v.                                         }          CIVIL ACTION NO. H-07-4251
                                           }
NATHANIEL QUARTERMAN,                      }
     Respondent.                          }

OPINION ON DISMISSAL

     Petitioner Larry Williams, an inmate incarcerated in the Texas Department of

Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a

writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2006 mandatory supervision

revocation. (Docket Entry No.1).  Respondent seeks summary judgment on the ground that

petitioner's habeas action is time-barred.  (Docket Entry No.11).  Petitioner has filed a response

to respondent's motion for summary judgment.  (Docket Entry No.13).  Considering the

pleadings, summary judgment evidence, and the entire record, the Court will grant respondent's

motion and dismiss the petition because it is barred by the governing statute of limitations.

Background

     On July 19, 1993, plaintiff entered a guilty plea to two felony drug charges in the

278th Criminal District Court of Walker County, Texas, in cause numbers 17,483-C and 17,484-

C; he was sentenced to twenty years confinement in TDCJ-CID on each conviction.[1]  (Docket

Entry No.11, Exhibit A.).  On November 23, 2005, petitioner was released to mandatory

supervision. (Docket Entry No.8).  In January 2006, petitioner was arrested for violating the

---

[1] Petitioner does not challenge these convictions; therefore, the Court will not recite the procedural history of each conviction.

1

conditions of his release.  (Docket Entry No.12, pages 10-11, 13, 15).  Petitioner waived a

revocation hearing.  (Docket Entries No.8; No.12, page 14).  On January 19, 2006, the State

revoked petitioner's release to mandatory supervision.  (Docket Entry No.12, page 11).  On

January 30, 2006, petitioner filed a motion to reopen the hearing, which the Texas Board of

Pardons and Paroles refused to process.  (Docket Entries No.8; No.12, page 3).

          Petitioner challenged the revocation of his release to mandatory supervision by

filing two state habeas applications on November 15, 2006, which the Texas Court of Criminal

Appeals denied without written order on January 31, 2007.  (Docket Entry No.10-3, pages 23-30,

No.10-4, pages 1-4, 13-25); *Ex parte Williams*, Applications No. 46,417-03 at cover; No.46,417-

04 at cover.  He filed the pending petition on December 10, 2007,[2] seeking federal habeas relief

on the following grounds:

1.      He was denied due process because the evidence was insufficient to show that he violated the conditions of his release to mandatory supervision;

2.      He was denied due process upon revocation of his release because he had been released to mandatory supervision by law and not by parole privilege;

3.      His release to mandatory supervision was revoked without due process; and,

4.      His rights under the Fifth, Sixth, and Fourteenth Amendments were violated when the Parole Board gave him a one-year set-off for a crime that was served by law and a release that was earned by work-time, and he was without counsel to protect him from being re-sentenced without violation.

(Docket Entry No.1).  Respondent does not address any of these claims on the merits, but moves

for summary judgment on the ground that this case is time-barred under the Antiterrorism and

---

[2] The Clerk filed the pending petition on December 12, 2007.  (Docket Entry No.1).  Petitioner, however, indicates that he executed his petition on December 10, 2007.  (*Id.*, page 9).  In order to give him the benefit of the doubt under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), the Court assumes that petitioner placed his petition in the prison mail system on the same day that it was executed.

Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

(Docket Entry No.11).

Discussion

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Petitioner's federal habeas petition is subject to the provisions of AEDPA. *Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims.  *Flanagan*, 154 F.3d at 198.

Petitioner argues that the limitations period in this case began on January 31, 2007, the date when his state remedies were exhausted, and expired one year later on January 31, 2008.  (Docket Entry No.13).  The AEDPA, however, does not provide for such a limitations period.  The section of the AEDPA that applies to a challenge to the revocation of release to mandatory supervision, as in this case, is 28 U.S.C. § 2244(d)(1)(D).  Section 2244(d)(1)(D) provides that the one year limitations period commences the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  *Id*. Respondent contends, without objection, that factual predicate in this case was discoverable no later than January 19, 2006, the date that petitioner's release to mandatory supervision was

4

revoked.  (Docket Entry No.11).   Therefore, under section 2244(d)(1)(D), petitioner had until January 19, 2007, to file a federal habeas petition unless he had a properly filed state application during this period.  *Id.*, § 2244(d)(2).

Petitioner filed his state habeas applications on November 15, 2006.[3]  (Docket Entries No.10-3, page 27; No.10-4, page17).   Their pendency before the Texas habeas courts from November 15, 2006, to January 31, 2007, tolled the limitations period for sixty-three days or until April 6, 2007.  *Fields v. Johnson*, 159 F.3d 914, 915-16 (5th Cir. 1998).   Petitioner filed the pending federal habeas petition on December 10, 2007, months after limitations expired; therefore, such petition is time-barred.

To the extent that petitioner claims that he is entitled to equitable tolling of the limitations period because he is actually innocent of the charge for which his release was revoked (Docket Entry No.13), petitioner's claim is a rehash of the claims that he asserted in the present petition.  (Docket Entry No.1).   A habeas petitioner is not entitled to equitable tolling merely because he believes he is entitled to such relief.   "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."   *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).   A claim of actual or factual innocence does not constitute a "rare and exceptional" circumstance, given that many inmates maintain they are innocent.   *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

---

[3] Petitioner claims that he submitted his state habeas applications on September 6, 2006, and not November 15, 2006.  (Docket Entry No.13).   State court records show that petitioner signed the state habeas applications on September 1, 2006 (Docket Entry No.10-4, pages 4, 24), and filed them in state court on November 15, 2006. (Docket Entries No.10-3, page 27; No.10-4, page17).   To the extent that petitioner contends the Court should apply the "prison mailbox rule" to his state habeas applications, the Fifth Circuit has explicitly held that the "mailbox rule" does not apply to state-habeas corpus applications filed in Texas.  *Howland v. Quarterman*, 507 F.3d 840, 844 (5th Cir. 2007).   Even if the mailbox rule were applicable, the pending petition would be time-barred.   If filed on September 6, 2006, as petitioner alleges, the pendency of his state applications would have tolled the limitations period for 135 days or until June 15, 2007.   Petitioner filed the present petition on December 10, 2007, after limitations expired; therefore, it is time-barred.

Moreover, to be entitled to equitable tolling, a petitioner must diligently pursue his post-conviction relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Petitioner fails to show that he diligently pursued post-conviction relief; he filed his federal habeas petition almost a year after the Texas Court of Criminal Appeals denied his state habeas applications.

It is also well-settled that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law. "[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling." *Felder*, 204 F.3d at 172. Likewise, neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Finally, petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, respondent is entitled to summary judgment as a matter of law.

<u>Certificate of Appealability</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

Conclusion

Based on the foregoing, the Court ENTERS the following ORDERS:

1.    Respondent's motion for summary judgment (Docket Entry No.11) is GRANTED.

2.    This cause of action is DISMISSED with prejudice.

3.    A certificate of appealability is DENIED.

4.    All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 9th day of October, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE